**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**WELBY THOMAS COX, JR.,**

**Plaintiff,**

**v.**

**JOSHUA MILLSAPS, et al.,**

**Defendants.**

**Case No. 1:26-cv-51**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Litkovitz**

## OPINION AND ORDER

Plaintiff Welby Cox, Jr., proceeding pro se, is suing Defendants Joshua Millsaps, the City of Centerville, Indiana, and Germain Honda of Beavercreek, Ohio, for violating his constitutional rights. Two of the Defendants, Millsaps and the City of Centerville (the City Defendants), have since moved to dismiss for improper venue and for failure to state a claim. (Doc. 7). For the reasons explained below, the Court **GRANTS** the City Defendants' Motion to Dismiss (Doc. 7) and thus does not reach the venue issue.

## BACKGROUND

Cox's complaint asserts three counts against Defendants. He labels the claims as (1) a Fourteenth Amendment due process claim against Millsaps, (2) a *Monell* claim against the City of Centerville based on its alleged failure to supervise Millsaps, and alternatively for its alleged custom of tolerating constitutional violations, and (3) a "conspiracy to violate civil rights," which he asserts against all three

Defendants.[1] (Compl., Doc. 1, #2). While his claims do not expressly invoke 42 U.S.C. § 1983, he labels his complaint as a "Complaint for Violation of Civil Rights (42 U.S.C. § 1983)," and the jurisdictional section of his complaint likewise cites that statutory provision. (*Id.* at #1). Given that he is proceeding pro se, and that § 1983 is the appropriate vehicle for his constitutional claims against the state entities, at least if he wants money damages, which appears to be the case, the Court will construe his complaint as asserting the three claims under that statute. (*Id.* at #2).

While Cox generally identifies the legal provisions on which his claims rest, the factual basis for them is less clear. His concerns appear to stem from a protective order that a state court issued against him. Specifically, he claims that, at some unspecified point in time, Millsaps used his authority as Chief of Police for Centerville, Indiana, to improperly "facilitate" a protective order against Cox. (*Id.*). Further, in doing so, Millsaps "acted with a conflict of interest, motivated by personal interests regarding property belonging to [Cox]." (*Id.*). The only other factual allegation is that "Millsaps and Germain Honda conspired to utilize [f]abricated business records (already sanctioned by the Greene County Court) to mislead judicial officers and secure a fraudulent Protective Order against [Cox]." (*Id.*). And Cox requests $1,200,000 for compensatory damages for emotional distress and legal fees, as well as punitive damages. (*Id.*).

---

[1] While the Clerk's Office issued a summons for Defendant Germain Honda of Beavercreek, (Doc. 2, #10), it does not seem to have been served or otherwise appeared in this case. If Cox has properly served Germain Honda, the appropriate next step would be to seek a default. If not, he should effectuate service.

The City Defendants moved to dismiss due to improper venue and because Cox failed to state a claim upon which relief may be granted. (Doc. 7). Specifically, they claim that venue lies in Indiana, not Ohio, so the Court must dismiss the case here. (*Id.* at #24–25). Alternatively, they argue Cox failed to adequately plead his three claims because he did "not provide enough facts so that the Defendants may be properly notified to investigate these allegations." (*Id.* at #26).

Cox responded. (Doc. 8). His opposition significantly fleshes out his allegations. Now, Cox alleges that he had been accused of felony theft, subject to extensive judicial proceedings, and then the protective order issued. (*Id.* at #28). On top of that, Cox clarifies that the property at issue was a 2019 Ford F-150. (*Id.* at #29). Millsaps allegedly failed to investigate or consider Cox's evidence that he paid for the truck with a personal check. (*Id.*). Further, while Defendants did not assert qualified immunity in their motion, Cox also briefly argues why relying on that defense would be inappropriate at this stage. (*Id.* at #29–30). As for venue, Cox argues that a substantial part of the events giving rise to the claim occurred in Ohio:

- The underlying vehicle transaction occurred in Beavercreek, Ohio.
- The allegedly false accusation concerned that specific Ohio transaction.
- Documentary proof of payment—a personal check—existed in Ohio.
- The effects of the accusation and resulting protective order were experienced by Plaintiff in Ohio, where he resides.

(*Id.* at #30). But if the Court finds venue lacking, he says, the Court should transfer the case rather than dismiss it. (*Id.* at #30–31). Finally, if the Court finds Cox did not adequately plead his claims, Cox requests leave to amend. (*Id.* at #31).[2]

The City Defendants replied, arguing that Cox cannot defeat a motion to dismiss by supplementing his allegations in his opposition. (Doc. 11, #48–50). Beyond that, they argue the Court should not grant leave to amend based on such a barebones request. (*Id.* at #50–51). Otherwise, the City Defendants reiterate that venue is improper in Ohio and that Cox has failed to adequately plead his claims. (*Id.* at #51–54).

## LEGAL STANDARD

### A. Failure to State a Claim.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "sufficient factual matter … to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). While a "plausible" claim for relief does not require a showing of probable liability, it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The complaint must allege sufficient facts to allow the Court "to draw the reasonable inference that the defendant is liable." *Id.*

"In reviewing a motion to dismiss, [the Court] construe[s] the complaint in the light most favorable to the plaintiff, draw[s] all reasonable inferences in [his] favor,

[2] Cox also filed a Supplemental Memorandum in Opposition to Defendant Millsaps' Rule 12(b)(6) Motion to Dismiss (Doc. 10). The substance of that memorandum appears to be almost verbatim the same as his response though. So the Court will focus only on his first response. (Doc. 8).

and accept[s] all well-pleaded allegations in the complaint as true." *Keene Grp., Inc. v. City of Cincinnati*, 998 F.3d 306, 310 (6th Cir. 2021) (citation omitted). But that does not mean that the Court must take everything a plaintiff alleges at face value, no matter how unsupported. The Court may disregard "naked assertions" of fact, "formulaic recitations of the elements of a cause of action," and "mere conclusory statements." *Iqbal*, 556 U.S. at 678 (cleaned up).

**B. Improper Venue.**

Defendants also claim this district is an improper venue. (Doc. 7, #24–25). The Sixth Circuit recently addressed which party bears the burden when a defendant challenges venue as improper under Rule 12(b)(3). *Tobien v. Nationwide Gen. Ins. Co.*, 133 F.4th 613, 619 (6th Cir. 2025). "[W]hen a defendant challenges the venue, the plaintiff bears the burden of proving venue by a preponderance of the evidence." *Id.* To meet that burden, a plaintiff needs "to show that his pleadings and affidavits, if accepted as true, would establish that venue was proper." *Id.* at 621 (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). Finally, "[i]n resolving venue questions, courts 'may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff.'" *Reilly v. Meffe*, 6 F. Supp. 3d 760, 765 (S.D. Ohio 2014) (citations omitted).

**C. Adjustment for Pro Se Status.**

That said, Cox is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*,

765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

## LAW AND ANALYSIS

Generally, courts treat venue as a threshold issue to be addressed before considering other grounds for dismissal. *Burke v. Anglin*, No. 2:19-cv-2006, 2020 WL 13453593, at *1 (S.D. Ohio May 18, 2020). Here, though, as the Court explains below, the paucity of factual allegations renders it nearly impossible for the Court to evaluate whether a substantial part of events giving rise to the claim occurred here such that venue is proper. Accordingly, the Court starts with the inadequacy of the pleadings before briefly addressing the propriety of this venue. And, because the Court concludes that Cox failed to adequately plead his claims, the Court dismisses his complaint, but does so without prejudice.

### A. Cox Fails to State a Claim.

The Court starts with Defendants' argument that Cox fails to state a claim upon which relief can be granted. (Doc. 7, #26). Recall, Cox first asserts in the jurisdictional portion of his complaint that "[t]his action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments." (Doc. 1, #1). He then

proceeds to list three specific claims: (1) a due process violation, presumably brought under § 1983,[3] (2) a *Monell* claim for failure to supervise and a custom of "acquiescence" to constitutional violations, and (3) a conspiracy to violate civil rights. (Doc. 1, #2). Overall, Cox fails to adequately plead any of them.[4]

Start with the § 1983 due process claim. A § 1983 claim requires, at a minimum, a "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted). On the first prong, Cox alleges that Millsaps deprived him of his "liberty and property interests without Due Process" by "utiliz[ing] his official authority to facilitate a Protective Order against [Cox] without a proper investigation or interview." (Doc. 1, #2). But there is no information about the subject of the protective order or how Millsaps "facilitate[d]" it. (*Id.*). Indeed, it is unclear when, or even from what court, the protective order issued. Cox further alleges that Millsaps was "motivated by personal interests regarding property belonging to [Cox]," but once again, Cox fails to provide any further details about either the property or Millsaps' alleged interest in it. "While the plaintiff need not plead specific facts, his statement must 'give the defendant fair notice of what the … claim is and the grounds upon

---

[3] While Cox does not specifically raise this claim as a § 1983 claim, it is properly construed as such because the Supreme Court has not recognized implied causes of action against state officials under the Constitution for those rights. *See Egbert v. Boule*, 596 U.S. 482, 490–91 (2022).

[4] Because Cox only briefly mentions the Fourth Amendment under jurisdiction, the Court declines to separately analyze it. Should Cox wish to develop a Fourth Amendment claim, he may attempt to do so in an amended complaint.

which it rests.'" *Gadberry v. Bethesda, Inc.*, 608 F. Supp. 2d 916, 917 (S.D. Ohio 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). These barebones allegations fail to put Defendants on notice of the basis for Cox's due process claim, so Cox fails to state a § 1983 due process claim.

Indeed, it is far from clear that a failure to adequately investigate by Millsaps could ever constitute a due process violation. In the criminal context, at least, "there is simply no law … which provides that criminal defendants have a constitutional right to an adequate police investigation." *Yarbrough v. Bauman*, No. 2:10-cv-12149, 2012 WL 6845668, at *14 (E.D. Mich. Nov. 8, 2012). That said, there are some minor exceptions to that rule, particularly if police acted in bad faith and failed to preserve evidence. *See Robinson v. Winn*, No. 2:17-cv-13892, 2019 WL 2387127, at *8 (E.D. Mich. June 6, 2019 (citing *Arizona v. Youngblood*, 488 U.S. 51, 56–58 (1988)). Cox may be implying such bad faith by alleging that Millsaps acted with a conflict of interest. (Doc. 1, #2). But the Court lacks the factual detail necessary to further evaluate any such claim.

The same is true of Cox's *Monell* claim. To plead a *Monell* claim, Cox must allege that a constitutional violation "occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To meet that burden, Cox can plead any one of four theories: (1) the existence of an illegal official policy or enactment; (2) the existence of a policy of inadequate training or supervision; (3) the existence of a custom of tolerance or acquiescence to federal rights violations; or

(4) that an official with final decision-making authority ratified the illegal actions. *See id.*; *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). Cox appears to pursue two of those theories: failure to supervise and a custom of acquiescence of City officials "utilizing police power to influence private civil disputes." (Doc. 1, #2). But again, there are no facts alleging how Millsaps improperly deployed his authority as Chief of Police, what the private civil dispute was, or whether the City knew or should have known about it. Furthermore, Cox has failed to allege any facts suggesting that Millsaps' conduct is part of a pattern of such violations. *See Burgess*, 735 F.3d at 478 (citations omitted) ("[A] custom-of-tolerance claim requires a showing that there was a pattern of inadequately investigating similar claims."). At this point, Cox has included only conclusory allegations, which do not suffice. *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010).

Last, turn to Cox's claim for conspiracy to violate civil rights. Such a claim exists when there is "an agreement between two or more persons to injure another by unlawful action." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (citation omitted). To survive a motion to dismiss, a plaintiff must adequately plead "that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed in furtherance of the conspiracy that caused the injury." *Id.* (cleaned up).

Cox claims that Millsaps and Defendant Germain Honda of Beavercreek, Ohio, "conspired to utilize fabricated business records (already sanctioned by the Greene County Court) to mislead judicial officers and secure a fraudulent Protective Order."

(Doc. 1, #2). Cox may plausibly allege an overt act: fabrication of business records. (*Id.*). And Cox alleges the goal was to obtain a protective order against him. (*Id.*). That does not necessarily mean, however, that they conspired to deprive Cox of his constitutional rights. And these allegations raise more questions than answers. What does it mean that the fabrication was already sanctioned by another court? Like the other claims, what is the basis for the protective order in the first place? What do the records concern? Again, Cox need not lay out every detail at the pleading stage, but such "naked assertions" of fact and "mere conclusory statements" will not suffice. *Iqbal*, 556 U.S. at 678.

Cox, perhaps belatedly recognizing these deficiencies, attempts to supplement his allegations in his response (Doc. 8). Specifically, Cox adds that Millsaps "accepted and processed an accusation that [Cox] committed felony theft." (*Id.* at #28). As a result, Cox was charged with felony theft and a protective order issued against him. (*Id.*). Apparently, the alleged theft concerned a 2019 Ford F-150 that Cox claims he paid for by check. (*Id.* at #29). This transaction occurred in Beavercreek, Ohio, presumably at the Germain Honda there, although Cox does not explicitly allege that. (*Id.* at #30).

The problem is that the Court cannot consider new factual allegations in a plaintiff's response when ruling on a motion to dismiss. "As a general rule, a court considering a motion to dismiss 'must focus only on the allegations in the pleadings.' This does not include plaintiffs' responses to a motion to dismiss." *Waskul v.*

*Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020) (citation omitted). So these new allegations do not help Cox here.

In sum, the Court dismisses Cox's complaint without prejudice. Despite the current deficiencies, though, Cox could potentially plead enough facts to withstand a Rule 12(b)(6) motion to dismiss in an amended complaint. *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011) ("Generally, if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." (cleaned up)). To that end, the Court grants Cox thirty (30) days in which to file a motion for leave to amend his complaint (attaching the proposed amended complaint), should he wish to do so. If he does not do so, the Court will dismiss this matter with prejudice. *See CNH Am. LLC v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW)*, 645 F.3d 785, 795 (6th Cir. 2011) (citation omitted) (noting that "if a party does not file a motion to amend or a proposed amended complaint, [after being afforded the opportunity to do so,] it is not an abuse of discretion for the district court to dismiss the claims with prejudice").

**B. Venue Is Proper for Now.**

Because the Court is offering Cox an opportunity to seek leave to amend, the Court will also briefly address the City Defendants' venue argument. "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred." *Atl. Marine Const. Co. v.*

*U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013). The general venue statute, 28 U.S.C. § 1391(b), provides that:

> A civil action may be brought in
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, the first provision does not apply because Defendants are not all residents of this district. Both Millsaps and the City of Centerville reside in Indiana, while Germain Honda of Beavercreek is located in Ohio. (Doc. 1, #1). Instead, Cox claims that venue is proper here under the second section because a "substantial part of the events" occurred in Ohio. (Doc. 8, #30). Cox highlights that the transaction underlying the felony theft charge, which presumably underlies the protective order, occurred in Beavercreek, Ohio (within this district). (*Id.*). On top of that, exculpatory evidence, i.e., evidence of payment, also exists in Ohio. (*Id.*). Finally, "the effects of the accusation and resulting protective order were experienced by [Cox] in Ohio, where he resides." (*Id.*).

Cox does not immediately run into the same problem as above; he was not required to plead facts supporting venue in his complaint. *Tobien*, 133 F.4th at 621 ("Because venue is an affirmative defense, the petitioner is not required to address venue in [his] pleadings." (quoting *Uni-Top Asia Inv. Ltd. v. Sinopec Int'l Petroleum Expl. & Prod. Co.*, 600 F. Supp. 3d 73, 78 (D.D.C. 2022))). Now that Defendants have

raised venue as an issue, however, Cox must prove by a preponderance of the evidence that venue is proper here. *Id.* at 619. From what the Court can glean, it is unlikely Cox can clear that hurdle. But due to the lack of factual allegations in his complaint generally, the Court declines to decide the issue.

That said, the Court notes that Cox's final argument—that he suffers the effects of the protective order in Ohio—does not clear the threshold. *See Konote v. Beattie*, No. 1:24-cv-706, 2024 WL 5109391, at *3 (S.D. Ohio Dec. 13, 2024) (finding venue improper where only justification was plaintiff resided in the district and "continues to suffer from the effects of Defendants' misconduct while residing in this district" (cleaned up)). "Otherwise, venue would almost always be proper at the place of a plaintiff's headquarters or residence, an option that Congress removed from the venue statute in 1990." *Tobien*, 133 F.4th at 622 (quotation omitted).

Nor is it altogether clear that Cox has any other viable basis for venue here. On one hand, the financial transaction and related criminal proceeding appear to underlie the protective order, which is the basis for this lawsuit. So perhaps that constitutes a "substantial part of the events" such that venue is appropriate in Ohio. 28 U.S.C. § 1391(b)(2). On the other hand, as Defendants point out, this suit involves the City of Centerville, *Indiana*, and its Chief of Police, Millsaps. (Doc. 7, #24–25). Presumably, any failure by the City to supervise Millsaps, or its related custom of acquiescence, would have occurred in Indiana, and any exercise of Millsaps' authority

as Chief of Police likely occurred locally there, as well. That would support venue in Indiana.[5]

The real problem, as noted above, is that the underlying claims are simply too vague to even know what would constitute a "substantial part of the events or omissions giving rise to the claim." 28 U.S.C. § 1391(b)(2). Perhaps Millsaps went into Ohio and still threw his weight around as a chief of police in such a way that he violated Cox's constitutional rights. Perhaps many of the events underlying the alleged conspiracy between Millsaps and Germain Honda occurred in Ohio. Or perhaps the protective order and related events all issued from Indiana. At this point, the Court lacks the information necessary to decide.

Because the Court already dismisses the Complaint without prejudice due to a failure to state a claim, the Court declines to decide this issue. If Cox opts to seek leave to file an amended complaint, Defendants are welcome to raise the question of venue again. And the Court encourages Cox, should he amend, to include factual allegations addressing the venue issue.[6]

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 7) and **DISMISSES WITHOUT PREJUDICE** Cox's Complaint (Doc.

---

[5] Defendants' argument may be better suited to a motion to transfer venue, as opposed to an argument that venue is improper here. It could be the case that venue is technically proper in this district under the statute, but that venue would be more appropriate in Indiana given these facts.

[6] As noted above, venue is an affirmative defense, so technically Cox need not include such allegations in his amended complaint. *See Tobien*, 133 F.4th at 621. If he has facts supporting venue, though, it would not hurt to include them.

1). Because Cox could potentially cure the deficiencies, though, the Court **GRANTS** Cox 30 days to file a motion for leave to amend, attaching a proposed amended complaint that addresses the above-identified deficiencies. If he fails to do so, the Court will dismiss the matter with prejudice.

**SO ORDERED.**

August 3, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**